UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IAN CLARK,

    Plaintiff,

    v.

DR. NANCY MARTHAKIS,

    Defendant.

CAUSE NO.: 3:18-CV-944-PPS-MGG

OPINION AND ORDER

Ian Clark, a prisoner without a lawyer, filed this lawsuit alleging he is being denied medical treatment for pain in his left foot. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Clark alleges that he has nerve damage in his left foot as a result of an injury several decades ago before he was incarcerated. He says until recently he was being treated for neuropathy with various drugs. However, "[a]s of October 25th 2018 and because of multiple grievances, Wexford Dr. Marthakis has refused to give me any sort of medication for neuropathy or arthritis from my ankle fracture." ECF 1 at 3. For a

medical professional to be held liable for deliberate indifference to a serious medical need, the decision must be "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Given Clark's longstanding and ongoing medical need, it is plausible to infer that the total refusal to provide any medication or treatment for his foot pain is not based on professional judgment. As such, Clark has stated a claim against Dr. Marthakis for both monetary damages and injunctive relief.

Clark also names Wexford Indiana, LLC. A private company performing a state function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *See Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012) (*Monell* framework applies to private company providing medical care at correctional facility). Clark alleges Wexford has a policy prohibiting Nerve Conduction Velocity Tests which he believes he needs to test for acute neuropathy. It is unclear whether Clark has a medical for this test and whether it would be prescribed if not prohibited. Nevertheless his allegation that it is prohibited even if needed states a claim for now. Clark also alleges Wexford has a policy of prohibiting Gabapentin a/k/a Neurontin. Again, it is unclear whether that is an appropriate medication for him or whether a doctor would prescribe it if it were permitted. Nevertheless, his allegation that it is prohibited even if needed states a claim for now.

Clark names three other defendants, but he does not state a claim against any of them. He names Dr. Carl Kuenzl, Nurse Dianne Thews, and Nurse Dan Lunde as

2

defendants. However he does mention them in the body of the complaint nor say what they did which might make them liable to him. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore these three must be dismissed.

For these reasons, the court:

(1) GRANTS Ian Clark leave to proceed against Dr. Nancy Marthakis in her individual capacity for compensatory damages for discontinuing treatment for the pain in his left foot on October 25, 2018, in violation of the Eighth Amendment;

(2) GRANTS Ian Clark leave to proceed against Dr. Nancy Marthakis in her official capacity for injunctive relief to obtain medical treatment for the pain in his left foot as required by the Eighth Amendment;

(3) GRANTS Ian Clark leave to proceed against Wexford Indiana, LLC, for compensatory damages for prohibiting Nerve Conduction Velocity Tests and prescriptions of Gabapentin a/k/a Neurontin when medically necessary in violation of the Eighth Amendment;

(4) GRANTS Ian Clark leave to proceed against Wexford Indiana, LLC, for injunctive relief to obtain a Nerve Conduction Velocity Test and a prescription for Gabapentin a/k/a Neurontin if either or both are medically necessary and prescribed by a physician if required by the Eighth Amendment;

(5) DISMISSES all other claims;

(6) DISMISSES Carl Kuenzl, MD, Dianne Thews, and Dan Lunde;

(7) DIRECTS the clerk and the United States Marshals Service, as required by 28 U.S.C. § 1915(d), to issue and serve process with a copy of this order and the Complaint (ECF 1) on Dr. Nancy Marthakis at the Indiana Department of Correction and Wexford Indiana, LLC, at 9245 N. Meridian Street, Indianapolis, IN 46260; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Dr. Nancy Marthakis and Wexford Indiana, LLC, to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 26, 2018.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT