UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

IAN CLARK,

        Plaintiff,

v.                                         CAUSE NO. 3:18-CV-944-DRL-MGG

WEXFORD INDIANA, LLC, and DR.
NANCY MARTHAKIS,

        Defendants.

### OPINION & ORDER

Ian Clark, a prisoner without a lawyer, is proceeding in this case on two claims for monetary damages and two claims for injunctive relief:

> [A]gainst Dr. Nancy Marthakis in her individual capacity for compensatory damages for discontinuing treatment for the pain in his left foot on October 25, 2018, in violation of the Eighth Amendment;
>
> [A]gainst Dr. Nancy Marthakis in her official capacity for injunctive relief to obtain medical treatment for the pain in his left foot as required by the Eighth Amendment;
>
> [A]gainst Wexford Indiana, LLC, for compensatory damages for prohibiting Nerve Conduction Velocity Tests and prescriptions of Gabapentin a/k/a Neurontin when medically necessary in violation of the Eighth Amendment; [and
>
> A]gainst Wexford Indiana, LLC, for injunctive relief to obtain a Nerve Conduction Velocity Test and a prescription for Gabapentin a/k/a Neurontin if either or both are medically necessary and prescribed by a physician if required by the Eighth Amendment;

ECF 5 at 3. The defendants filed a summary judgment motion. Mr. Clark filed a response (called a motion in opposition) and brief with exhibits. The defendants filed a reply. Mr. Clark filed an unauthorized surreply without leave of court, but the court has reviewed and considered it.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of

material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

      A.      *Monetary Damages Claim Against Dr. Nancy Marthakis.*

Mr. Clark claims that Dr. Marthakis discontinued treatment for the pain in his left foot on October 25, 2018, in violation of the Eighth Amendment and denied him any treatment for this condition thereafter. ECF 5 at 3. Dr. Marthakis denies she was deliberately indifferent to the pain in Mr. Clark's left foot. ECF 94 at 2. Summary judgment must be granted for Dr. Marthakis on this claim because the undisputed evidence shows she did not discontinue all treatment or deny him treatment for his left foot pain. Moreover, no reasonable juror could find she was deliberately indifferent.

In her affidavit, Dr. Marthakis reviewed the treatment Mr. Clark received for his left foot/ankle in 2018. ECF 96-1. In his response and surreply, Mr. Clark does not dispute the relevant events related to his treatment. He was seen by Dr. Marthakis on January 22, 2018, for left foot/ankle pain. 96-2. At that time, he was taking naproxen for pain without complete success. She continued the naproxen and referred him for physical therapy after showing him ankle exercises. ECF 96-2 at 4. At his physical therapy appointment on March 8, 2018, Mr. Clark was given several exercises. ECF 96-5. He was able to walk normally without assistance and had no atrophy or tenderness of the left ankle.

*Id.* On March 19, 2018, Dr. Rippetoe, a psychiatrist, continued his prescription of Celexa (citalopram) and added Cymbalta (duloxetine). ECF 96-1 at 3-4 and ECF 96-7. Dr. Marthakis noted these were prescribed for mental health reasons, but the medications can also treat pain. ECF 96-1 at 3-4. On April 5, 2018, Mr. Clark received more physical therapy and continued to walk normally without assistance. ECF 96-6. On April 25, 2018, Nurse Practitioner Diane Thews told Dr. Marthakis that naproxen provided relief for Mr. Clark's left ankle pain. ECF 96-1 at 5. Though Mr. Clark says it was only his arthritis that was helped by naproxen, it is undisputed that Nurse Practitioner Thews told Dr. Marthakis it provided relief for his left ankle pain. It was neither unreasonable nor deliberately indifferent for Dr. Marthakis to have believed Nurse Practitioner Thews and to have acted based on that information. Thus, Dr. Marthakis extended his physical therapy and naproxen prescriptions and added Tylenol (ibuprofen). *Id.*

On June 7, 2018, he received more physical therapy and was discharged "due to reaching a rehabilitation plateau." ECF 96-10 at 1. On June 13, 2018, Dr. Marthakis examined his left foot/ankle and ordered an x-ray. ECF 96-11. She increased the dosage of his Cymbalta (duloxetine) while continuing his naproxen and Tylenol prescriptions. ECF 96-1 at 6. The x-ray results did not identify the source of his pain. ECF 96-1 at 6. On July 18, 2018, Mr. Clark told Dr. Rippetoe, "he throws his 'dilantin in the trash every day . . ..'" ECF 96-13. Dilantin is an "antiseizure medication which [can also] treat certain type of neuropathic pain . . .." ECF 96-1 at 6. On July 25, 2018, Dr. Marthakis met with Mr. Clark for several reasons. ECF 96-14. For his left foot/ankle pain, she prescribed naproxen, Tylenol, and Pamelor, an antidepressant which can also be used to treat pain. ECF 96-1 at 7. On September 14, 2018, Dr. Marthakis met with Mr. Clark exclusively to discuss his ankle pain. ECF 96-16. She prescribed him a one-month supply of Tylenol and told him he could purchase Motrin (ibuprofen) from commissary thereafter. ECF 96-1 at 8.

Mr. Clark then filed this lawsuit alleging that when his ibuprofen prescription expired, Dr. Marthakis discontinued treatment for his left foot pain on October 25, 2018. For medical professionals to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008).

Here, the undisputed evidence shows Dr. Marthakis neither discontinued his treatment nor prevented him from obtaining treatment from others. Mr. Clark was told to purchase ibuprofen from the commissary. His inmate trust account ledger shows he had sufficient funds to afford to do so. *See* ECF 2 at 2. Although the Constitution guarantees that inmates receive constitutionally adequate medical care, it does not guarantee free medical care. *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245 n.7 (1983). Moreover, Mr. Clark continued to receive medical care from Dr. Marthakis and others. On December 6, 2018, he saw Nurse Practitioner Diane Thews for his foot/ankle pain. ECF 96-17. She renewed his naproxen and prescribed ibuprofen. ECF 96-1 at 8. At some time later, Dr. Marthakis prescribed Trileptal (oxcarbazepine), which successfully relieved the pain in his left foot/ankle. ECF 114-1. Based on the undisputed facts, no reasonable juror could find that Dr. Marthakis discontinued his treatment or prevented him from obtaining treatment from others.

Mr. Clark argues Dr. Marthakis "refus[ed] to listen to plaintiff's complaints – especially repeated complaints – of his medication not being effective . . .." ECF 101 at 3. He argues "Dr. Marthakis [did] nothing but ignore my neuropathic pain!" ECF 101-1 at 2 (emphasis omitted). However, the undisputed evidence shows she met with him and changed his medication numerous times. Ultimately, she prescribed him Trileptal (oxcarbazepine), which worked.

Mr. Clark argues she did not prescribe him Neurontin (gabapentin). Though undisputed, that is not proof of deliberate indifference. She considered gabapentin but decided it was "inappropriate

4

given Mr. Clark's documented history of substance abuse and medication hoarding." ECF 96-1 at 2. She believed that because he was taking "various antidepressants . . . Neurontin [was not] appropriate to stack on top of these prescribed medications." ECF 96-1 at 9. Mr. Clark argues he did not hoard medication. However, it is not deliberately indifferent or unreasonable for a physician to accept reports from staff about an inmate's past conduct without having to independently investigate them. Courts "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (quotation marks and citation omitted). There is no such evidence here.

Mr. Clark argues he was in pain while Dr. Marthakis tried various medications before prescribing Trileptal (oxcarbazepine), which ultimately worked to relieve his pain.

> Whether and how pain associated with medical treatment should be mitigated is for doctors to decide free from judicial interference, except in the most extreme situations. A prisoner's dissatisfaction with a doctor's prescribed course of treatment does not give rise to a constitutional claim unless the medical treatment is so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate the prisoner's condition.

*Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) (quotation marks and citation omitted). Here, Dr. Marthakis tried a sequence of pain medications in an attempt to help Mr. Clark. The fact that her early attempts were not entirely successful does not demonstrate that her actions were inappropriate or that she was deliberately indifferent.

No reasonable juror could find that Dr. Marthakis discontinued treatment for the pain in his left foot on October 25, 2018, or prevented him from obtaining medical care for that condition. Neither could a reasonable juror find that she was deliberately indifferent. Therefore, summary judgment must be granted on his monetary damages claim against Dr. Marthakis.

B.  *Injunctive Relief Claim Against Dr. Nancy Marthakis.*

Mr. Clark is proceeding against Dr. Nancy Marthakis in her official capacity for injunctive relief to obtain medical treatment for the pain in his left foot as required by the Eighth Amendment. ECF 5 at 3. However, since this lawsuit was filed, Dr. Marthakis prescribed Trileptal (oxcarbazepine), which successfully relieved the pain in his left foot/ankle. ECF 114-1. Thus, this claim is now moot, and summary judgment must be granted on this injunctive relief claim against Dr. Marthakis.

C.  *Monetary Damages Claim Against Wexford.*

Mr. Clark is proceeding against Wexford Indiana, LLC for compensatory damages for prohibiting nerve conduction velocity tests and prescriptions of Neurontin (gabapentin) when medically necessary in violation of the Eighth Amendment. ECF 5 at 3. There is no evidence in this record that Mr. Clark had a medical need for either a nerve conduction velocity test or a prescription for Neurontin (gabapentin). Nor is there any evidence in this record that Wexford prevented him from having either. Therefore, summary judgment must be granted on this monetary damages claim against Wexford.

D.  *Injunctive Relief Claim Against Wexford.*

Mr. Clark is proceeding against Wexford Indiana, LLC for injunctive relief to obtain a nerve conduction velocity test and a prescription for Neurontin (gabapentin) if either or both are medically necessary and prescribed by a physician if required by the Eighth Amendment. ECF 5 at 3. There is no evidence in this record that Mr. Clark has a medical need for either a nerve conduction velocity test or a prescription for Neurontin (gabapentin). Nor is there any evidence either have been prescribed for him by a physician. Thus, summary judgment must be granted on this injunctive relief claim against Wexford.

CONCLUSION

For these reasons, the summary judgment motion (ECF 94) is GRANTED in favor of the defendants and against the plaintiff. The clerk is DIRECTED to enter judgment and close this case.

SO ORDERED.

August 7, 2020                                                      *s/ Damon R. Leichty*
                                                                    Judge, United States District Court